### Peleg W. Gardiner & others, Trustees, *v.* Alfred H. Willard & others.

Where a testator, after giving a life-estate to his wife in his real and personal estate, gave a remainder in the same to trustees, in the event his wife died before the youngest of his three children became twenty-five years of age, to hold the same until his youngest child attained that age, and ordered the trustees to distribute the net income of the same amongst his children, "and if either shall have deceased without leaving children then living, to pay the same to the surviving children in equal shares; and if either shall have deceased leaving a child or children, such child or children to have the portion of the income which his or her parents would have taken," and gave a fee in the remainder, without trust to his sons, and in trust, for her sole and separate use, to his daughter, only in the event his wife died after his youngest child had attained the age of twenty-five years, *Held;* the wife having died before the youngest child attained the age of twenty-five years, and the youngest of the two surviving children having attained that age when the trustees filed their bill for instructions and partition,— that the trustees should quitclaim their title to the property to the two surviving children of the testator, free from trust as those to whom the same reverted as his next of kin and heirs at law, and could have no partition.

THIS was an amicable bill, filed by the trustees of the will of the late Hezekiah Willard, of Cranston, to obtain a construc-

tion of said will, and for direction as to their duties under the same. The case was heard upon bill and answer, and an agreed statement; and from these it appeared, that by the will of said Hezekiah, dated in 1847 and proved in 1848, he gave his wife a life-estate in all his estate, real and personal, with power to sell the same, with the advice of the plaintiffs afterwards named as his trustees, for the purpose of better investment, and disposed of the remainder, as follows: —

"And from and after the decease of my wife, should that event occur while either of my children are under the age of twenty-five years, I give, devise, and bequeath to the above-mentioned Peleg W. Gardiner, George B. Holmes, and Thomas Barstow, as joint tenants, all my real and personal estate then remaining, and all the real and personal estate which may have been purchased with the proceeds of any that has been sold under the power hereinbefore given, to have and to hold the same until my youngest child shall attain the age of twenty-five years, in trust, for the use and benefit of my children, as follows, namely: That the said trustees shall receive the rents, income, and profits of said real and personal estate, and after payment of all the expenses attending the care of the property, such as taxes, repairs, insurance, and the like, and including a reasonable compensation for their services, they shall pay to each of my three children, for their own use, one third part of the balance of said rents, income, and profits; and if either of my children shall have deceased without leaving children then living, the balance aforesaid shall be paid to the surviving children in equal shares; and if either shall have deceased leaving a child or children, such child or children shall have the portion of said balance his or her parents would have taken; and from and after the decease of my wife, should that event occur after the youngest of my children shall attain the age of twenty-five years, I give, devise, and bequeath to each of my two sons, their heirs and assigns forever, one third part of all my estate, real and personal, including any real and personal estate which may have been purchased with the proceeds of any that may have been sold under the power hereinbefore given to my wife, and the remaining one third part of my said estate, including

43 *

such subsequent purchases, I give, devise, and bequeath to the said Peleg W. Gardiner, George B. Holmes, and Thomas Barstow, their heirs and assigns, as joint tenants in trust, for the following purposes, namely: that they shall hold the same for the sole and separate use of my daughter, Harriet E. Willard, during her life, and for that purpose shall receive the rents, profits, and income thereof, and at least once in each year, after deducting all necessary expenses and suitable compensation, shall pay the same to her for her sole and separate use, notwithstanding she may be married, so that she shall not sell, mortgage, change, or otherwise dispose of the same in the way of anticipation; and upon the decease of my said daughter, the said trustees shall convey and transfer the said real and personal estate, or such other as they then may hold as the proceeds of the same, to such person or persons, and for such purposes as may be directed in the last will and testament, or other instrument purporting to be the last will of my said daughter, signed in the presence of three witnesses; and in case she should leave no such will or other instrument, then they shall convey the same to the heirs at law of my said daughter, according to the laws then in force for the descent of intestate estates; and the said trustees are hereby authorized, from time to time, as they shall think it expedient, with the written consent of my said daughter, to change the investment of said trust property, and for that purpose they may convey the aforesaid real and personal estate, and reinvest the proceeds thereof in other real estate, or in bank stock, which shall be held upon the same trusts, and subject to the same disposition as above mentioned; and the said trustees are also authorized, upon the marriage of my daughter, to pay her such sum of money from the principal of said trust fund as they may think reasonable."

Martha Willard, the widow of the testator, died in 1857, leaving her three children then of the following ages: Harriet, twenty-six years old; Charles H., twenty-four years old; and Alfred H., twenty-two years old. Charles H. died unmarried, without issue, and intestate, after his mother, and in the same year Harriet had married George P. Tew, and was united with him as a party defendant to this bill. The purpose of the bill was, to

ascertain whether, under the above facts, any of the estate of the testator was to remain longer in trust, and to obtain a partition of the same between those entitled thereto.

The bill was filed December 31, 1860.

*Bradley & Metcalf* represented all-parties.

BOSWORTH, J.  By the terms of the will of Hezekiah Willard, all his estate, real and personal, was bequeathed and devised to his wife for life.  In the event of his wife's dying before his youngest child should attain the age of twenty-five years, the trustees were to hold the same until his youngest child should attain that age, in trust for his three children, the income to be paid over annually, after paying expenses and compensation to the trustees, in equal shares.  In the event of his wife's death after the youngest child should attain the age of twenty-five years, two thirds of the estate was to go to the testator's sons, and the remaining one third was to be held in trust for the testator's daughter.

By the statement of facts submitted and agreed to by the parties, it seems that the testator's wife died before the youngest child attained the age of twenty-five years; and the trustees took the estate in trust for the three children.  In the event which authorized this trust, the trustees have the estate for a limited period, viz.: until the youngest child should attain the age of twenty-five years.  The other event, upon the happening of which, they would, according to the will, have an estate in trust for the testator's daughter, did not and never can occur. The youngest child has now arrived at the age of twenty-five years.  The trustees, therefore, it seems to us, had an estate which is now determined, and no other estate has vested or can vest in them.  By consequence, the estate reverts and vests in the next of kin and heirs at law.  One of the testator's sons has deceased without issue, and the remaining children, son and daughter of the testator, are, therefore, entitled to hold the estate as tenants in common in equal-shares.

The bill of the trustees asks of the court a construction of the will as to the estates to which each of the two children are entitled, and as to what interest they are entitled to hold in trust, if any; and also asks for partition.  We think, as inti-

mated above, that the trust is determined both as to the real estate and personal estate, and they may relieve themselves of the trust by quitclaiming the real estate to the two children of the testator who are living, and by paying over to each one half of the personal estate. No partition can be made under this bill, as those who bring it have no estate whereof partition can be made.